IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

**VICTOR ARIZA,**

    Plaintiff,

vs.                                                         Case No.: 2:22-cv-00502-JLB-NPM

**RTK INVESTMENTS, INC.,**
**d/b/a BEACHWORKS,**
**a Florida for-profit corporation**

    Defendant.

_____/

## MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW Defendant RTK INVESTMENTS, INC., d/b/a BEACHWORKS, a Florida for-profit corporation, by and through the undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby moves for dismissal of the above-captioned action for failure to state a claim upon which relief may be granted, and in support thereof, states as follows:

### INTRODUCTION

The Plaintiff's boilerplate amended complaint seeks injunctive relief, attorney's fees, costs, and litigation expenses for an alleged violation of Title III of the Americans with Disabilities Act, 42, U.S.C. §§12181-12189, as amended ("the ADA"), and 28 C.F.R. Part 36, based upon the allegation that the Defendant's website is not compliant with the requirements of the ADA, in that the Plaintiff, who is blind, cannot easily navigate the Defendant's website, because it allegedly does not work properly with the Plaintiff's screen-reader software.

SUMMARY OF THE ARGUMENT

The Plaintiff's amended complaint is entirely without merit and should be dismissed for three reasons. First, it is well-settled in this jurisdiction that a website is not a physical space, as defined by the ADA, and lack of easy navigation by a person with disabilities does not give rise to liability under the ADA. Secondly, the Plaintiff lacks standing to seek injunctive relief.

MEMORANDUM OF LAW

Motions to dismiss

In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in a light most favorable to the plaintiff. It need not accept, however, legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Demeter v. Little Gasparilla Island Fire & Rescue, Inc.*, 2017 U.S. Dist. LEXIS 22919, 2017 WL 662006 (M.D. Fla. Feb. 17, 2017)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Ashcroft*, 556 U.S. at 678 (quotations and citation omitted).

Standing

Article III of the United States Constitution limits the Court's jurisdiction to cases or controversies, *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013), and requires that there be a case or controversy at all stages of the litigation. *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013). "A plaintiff must demonstrate three things to establish standing under Article III." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). The plaintiff must demonstrate that (1) "he

suffered an 'injury-in-fact," (2) a causal connection exists "between the asserted injury-in-fact and the challenged action of the defendant," and (3) "the injury will be redressed by a favorable decision." *Id*. (internal quotation marks omitted). In addition, "a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Id*.

The Americans with Disabilities Act

In an ADA case, the plaintiff "lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future immediate discrimination by the defendant." *Id*. In analyzing the likelihood that the plaintiff will suffer a future injury, the court examines the following factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Hoewishcer v. Cedar Bend Club, Inc*., 877 F. Supp. 2d 1212, 1223 (M.D. Fla. 2012). The plaintiff "either must have attempted to return to the non-compliant building or at least intend to do so in the future." *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1326 (11th Cir. 2013).

Under Title III of the ADA, the plaintiff must allege that (1) he is disabled (within the meaning of the ADA), (2) the defendant is a place of public accommodation, (3) the defendant denied him full and equal enjoyment of its goods, services, facilities, or privileges, and (4) the denial was based on the plaintiff's disability. *Holloman v. Burger King Rest*., No. 3:13-cv-1138-J-39PDB, 2014, 2014 WL 1328922, at 1 (citing *Schiavo ex rel Schindler v. Schiavo*, 403 F.3d 1289, 1299 (11th Cir. 2005)). Discrimination under Title III includes "failing to take steps to ensure

3

that no individual with a disability is excluded by the absence of auxiliary aids and services." *Johnson v. Yashoda Hosp., Inc.*, No. 2:15-cv-611-FtM-99CM, 2016 WL 6681023, at 2 (M.D. Fla. Nov. 14, 2016).

Websites and the ADA

A website is not a physical or public accommodation, within the meaning of the ADA. *See Access Now, Inc. v. Southwest Airlines, Co.*, 227 F. Supp. 2d 1312, 1321 (S.D. Fla. 2002) (Appeal dismissed by *Access Now, Inc. v. Southwest Airlines Co.*, 2004 U.S. App. LEXIS 20060 (11th Cir. Fla., Sept. 24, 2004). "[T]he Supreme Court and the Eleventh Circuit have both recognized that the Internet is "a unique medium--known to its users as 'cyberspace'--located in no particular geographical location but available to anyone, anywhere in the world, with access to the Internet." *Id*.

ARGUMENT

In the case at bar, the Plaintiff's claims ignore the applicable caselaw, which applied to the fact of this case, clearly indicate that the Plaintiff may not claim violation of Title III of the ADA based upon the accessibility or lack thereof of the Defendant's website. The Defendant's website is not a physical or public accommodation, and is accessible to anyone, anywhere in the world, with access to the internet. The Plaintiff attempts to create the legal fiction that the website, though it exists only in cyberspace, "is a necessary service, privilege, and advantage of Defendant's brick-and-mortar store that must comply with all requirements of the ADA" (*Complaint*, p. 5, para. 15)—a naked assertion that is not plausible on its face.

4

In addition to failing to meet the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure, it attempts to avoid the most glaring deficiency of the Plaintiff's Amended Complaint—not only has the Plaintiff never visited the Defendant's store, his vague plans to perhaps do so in the future are merely speculative, and cannot possibly grant him standing to seek injunctive relief. To wit, the Amended Complaint, in paragraph 17, indicates that the Plaintiff is merely "interested in patronizing, and intends to patronize in the near future once the Website's access barriers hare removed or remedied . . . In the alternative, Plaintiff intends to monitor the Website in the near future as a tester to ascertain whether it has been updated to interact properly with screen reader software".

The Plaintiff's allegations utterly fail to establish each and every factor set forth in *Hoewishcer v. Cedar Bend Club, Inc.*:

(1) the proximity of the place of public accommodation to plaintiff's residence—the Plaintiff resides on the opposite coast, in Miami Dade County;

(2) past patronage of defendant's business—while the Plaintiff states that he "is or has been a customer", no facts are provided to establish this bare assertion, which seems to refer merely to the Plaintiff's alleged attempts "on a number of occasions to utilize the website", rather than patronage at a physical place of public accommodation;

(3) the definitiveness of plaintiff's plan to return—this is belied by the Plaintiff's alternative vague plans to either "patronize[e] in the near future" or "in the alternative" to "monitor the website as a 'tester'";

(4) the plaintiff's frequency of travel near the defendant—the Plaintiff's Amended Complaint gives no indication of the frequency of the Plaintiff's travels in or near Marco Island, Florida, but merely that he "has in the past, and intends in the near future."

The allegations of the Plaintiff's Amended Complaint do not, in any way, demonstrate that he has suffered an injury-in-fact, and therefore cannot establish any causal connection between an injury-in-fact and the challenged action of the defendant, nor that any alleged injury will be redressed by a favorable decision. In any event, the Plaintiff's vague interest in monitoring the Defendant's website cannot possibly be held to be a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury, and therefore he lacks standing to seek injunctive relief.

## CONCLUSION

For the reasons set forth herein, the Plaintiff has failed to state a claim upon which relief may be granted, for violation of Title III of the Americans with Disabilities Act, 42, U.S.C. §§12181-12189, as amended ("the ADA"), and 28 C.F.R. Part 36, and the Plaintiff's Amended Complaint is entirely devoid of any basis for injunctive relief. As a result, in accordance with the applicable Federal Rules of Civil Procedure, and precedent cited herein, the Plaintiff's Amended Complaint should be dismissed with prejudice, as the Plaintiff lacked standing at the time that the action commenced, and further amendment of the Plaintiff's complaint would be futile.

WHEREFORE, Defendant RTK INVESTMENTS, INC., d/b/a BEACHWORKS, a Florida for-profit corporation, respectfully requests that this Honorable Court dismiss the above-captioned action with prejudice, and award the Defendant its reasonable attorney's fees and costs, together with such other and further relief as the Court deems necessary and appropriate under the circumstances.

Dated November 21, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished by electronic service to all counsel of record, on this **21st** day of November 2022.

McGuire Law, P.A.
Counsel for Defendant
12670 New Brittany Blvd, Suite 101
Fort Myers, FL 33907
Phone (239) 939-2222
Fax (239) 939-2280

By: *Stephen N. McGuire II*
Stephen N. McGuire II, Esq,
Florida Bar No.: 102755
smcguire@cmw.law