UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

CASE NO. 2:22-CV-502-JLB-NPM

**VICTOR ARIZA**,

    Plaintiff,

vs.

**RTK INVESTMENTS, INC.,**
d/b/a **BEACHWORKS**, a Florida
for-profit corporation,

    Defendant.
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff VICTOR ARIZA, through undersigned counsel, responds in opposition to Defendant RTK Investments, Inc.'s Motion to Dismiss Amended Complaint [ECF No. 12] as follows:

**I.     INTRODUCTON**

In its Motion, Defendant advances two arguments for dismissal:  (1) that its website is not in and of itself a "place of public accommodation" under Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"); and (2) that Plaintiff lacks standing to sue for injunctive relief under the ADA as he has failed to plead an injury-in-fact because Plaintiff has not visited Defendant's physical store and his allegations of his intent to do so in the future are "speculative".[1]   As shown below and as properly pled in the Amended Complaint, both arguments are without merit and Defendant's Motion should be denied.

---

[1] Curiously, Defendant states in its Motion that the Amended Complaint should be dismissed for "three reasons". *See* Motion at p. 2.  However, only *two* reasons have been argued.

## II.     ARGUMENT

### A. Plaintiff is not claiming anywhere in his Complaint that the Defendant's website is in and of itself a place of public accommodation.

Defendant first argues that the Amended Complaint should be dismissed because a website is not in and of itself a "place of public accommodation" under the ADA. However, nowhere does Plaintiff allege or contend in his Amended Complaint that the subject website is *in and of itself* a place of public accommodation under the ADA. In his single-count Complaint, Plaintiff claims that the subject website, which has a nexus to and acts as a point of sale for the brick-and-mortar store owned, operated, and/or controlled by Defendant, contains access barriers to the blind and visually disabled in violation of ADA. (*See* Amended Complaint, ECF No. 11, at pp. 11-16).

Plaintiff agrees that the law in the Eleventh Circuit and District Courts therein is that company websites are not in and of themselves places of public accommodation under the ADA. *See Ariza v. The Coffee Beanery Ltd.,* \_\_\_\_ F.Supp.3d \_\_\_\_, 2022 WL 17333106, at *3-4 (S.D. Fla. Nov. 29, 2022); *Ariza v. Broward Design Center, Inc.,* No. 22-61475-CIV-Dimitrouleas, 2022 WL 10262037, at *2 (S.D. Fla. Oct. 18, 2022); *Ariza v. S. Moon Sales, Inc.,* No. 1:21-CV-23604, 2022 WL 4345136, at *3 (S.D. Fla. Sept. 7, 2022), *report and recommendation adopted*, No. 21-23604-CIV, 2022 WL 4310972 (S.D. Fla. Sept. 19, 2022). Instead, the applicable and controlling law is that company websites that have a nexus to and facilitate the use of the company's physical locations, and that act as points of sale for the company's goods and services also available for purchase in the physical locations, are covered by the ADA. *Id. See also Haynes v. Dunkin' Donuts LLC*, 741 Fed. App'x 752, 754 (11th Cir. 2018) (holding that a plaintiff stated a viable ADA claim involving a company website that acted as an intangible barrier to the company's shops where the website provided information about the physical shop

locations and allowed users to purchase gift cards); *Fernandez v. Mattress Xperts Broward, Inc.*, No. 21-80573-CIV, 2021 WL 3931243, at *2 (S.D. Fla. Sept. 2, 2021) (denying motion to dismiss where plaintiff pled, among other facts, that website acted as a point of sale for defendant's merchandise also available in the physical stores); *Gomez v. General Nutrition Corp.*, 323 F.Supp.2d 1368, 1375-76 (S.D. Fla. 2018) (relying on *Dunkin' Donuts* to find that company website was covered under the ADA because "[t]he Website facilitates the use of the physical stores by providing a store locater" and that "the ability to purchase products remotely is, in and of itself, a service of the physical stores.").

In the very recent case of *Ariza v. The Coffee Beanery Ltd.,* supra, Judge Dimitrouleas of the Southern District of Florida rejected the identical argument Defendant advances here – that the complaint was subject to dismissal because the company's website is not "in and of itself" a "place of public accommodation" under the ADA. 2022 WL 17333106, at *3-4. Judge Dimitrouleas correctly pointed out that the defendant's argument was a "red herring, as the Complaint did not claim that the Website is in and of itself a place of public accommodation under the ADA." 2022 WL 17333106, at *4. He concluded that the complaint under review – which contained similar factual allegations as Plaintiff's Amended Complaint here – had properly pled "that the Website, which has a nexus to and acts as a point of sale for the brick-and-mortar stores owned, operated, and/or controlled by Defendants, contains access barriers to the blind and visually disabled in violation of ADA." *Id.*[2]

---

[2] Defendant in its Motion, without any legal or caselaw support, states that Plaintiff "attempts to create a legal fiction" by pleading that the website "is a necessary service, privilege, and advantage of Defendant's brick-and-mortar store that must comply with all requirements of the ADA." Defendant and its counsel, however, apparently overlook the plethora of reported case law, including the Eleventh Circuit itself, that have found that such allegations and their related factual allegations in similar complaints brought by Plaintiff and others are sufficient to state plausible causes of action for disability discrimination under the ADA. *See, e.g., Haynes v.*

Defendant's first argument for dismissal thus is, as the district court found in *Coffee Beanery*, nothing but a "red herring" that does not warrant dismissal of the Amended Complaint here. Plaintiff here has adequately and plausibly pled the necessary factual and legal allegations to bring Defendant's inaccessible website, with its ecommerce components and its nexus to the Defendant's brick-and-mortar store, under the coverage of the ADA. Specifically, Plaintiff has pled that Defendant's website has a significant e-commerce component that allows the purchase of Defendant's merchandise through the website, thereby having the website act as a "point of sale" for Defendant's merchandise available from, in, and through its physical store. (Amended Complaint at ¶¶ 12, 14, 15, 17, and 49). In addition, Plaintiff has alleged that Defendant's website, as did the websites at issue in the Eleventh Circuit's *Dunkin' Donuts* decision and the District Court's decisions in *Coffee Beanery* and *Walters & Mason*, allowed users to purchase gift cards for use both online and in the physical store. (*Id.*). Moreover, as did the websites at issue in *Coffee Beanery, South Moon Sales*, *Broward Design Center,* and *Walters & Mason,*

---

*Dunkin' Donuts LLC,* supra (reversing district court's dismissal decision where complaint plausibly pled facts to show that "a website is a service that facilitates the use of [defendant's] shops, which are places of public accommodation" and that "the ADA is clear that whatever goods and services [defendant] offers as a part of its place of public accommodation, it cannot discriminate against people on the basis of a disability, even if those goods and services are intangible."); *Ariza v. The Coffee Beanery Ltd.*, supra (denying motion to dismiss where complaint pled that the website "has a nexus to and acts as a point of sale for the brick-and-mortar stores owned, operated, and/or controlled by Defendants"); *Ariza v. Broward Design Center, Inc.*, supra (denying motion to dismiss where plaintiff pled facts that the defendant's website creates an intangible barrier that excludes Plaintiff from accessing the goods, services, privileges, or advantages of Defendant's physical store); *Ariza v. Walters & Mason Retail, Inc.,* 516 F.Supp.3d 1350, 1354-55 (S.D. Fla. 2021) (denying motion to dismiss ADA claim in inaccessible website case where the plaintiff had pled "a nexus between Defendant's website and its physical stores" because users were allowed "to purchase Defendant's merchandise also for sale in the stores, purchase gift cards for use in the stores, check gift card balances, and sign up for an electronic mailer to receive offers, benefits, exclusive invitations, and discounts for use in the stores."); *Fernandez v. Mattress Xperts Broward, Inc.*, supra (denying motion to dismiss where plaintiff pled, among other facts, that website acted as a "point of sale" for defendant's merchandise also available in the physical stores).

Plaintiff has alleged that the subject website allows users to sign up for an emailer to receive exclusive online offers, benefits, invitations, and discounts for use online and in the physical stores. (*Id.*). Furthermore, Plaintiff has alleged that users of the website can also arrange in-store returns of merchandise they had purchased online. (*Id.*). These facts, taken as true as this Court must do, are more than enough to demonstrate that Defendant's website, with its connection to Defendant's physical store, creates intangible barriers that exclude Plaintiff and other blind and visually disabled persons from accessing the goods, services, privileges, or advantages of Defendant's physical store. Defendant's Motion to Dismiss Amended Complaint because the website is not "in and of itself" a place of public accommodation thus must be denied

### B. Plaintiff has sufficiently pled standing under the ADA.[3]

Defendant's second argument for dismissal is that Plaintiff lacks standing to seek injunctive relief under the ADA because he has failed to plead the requisite injury-in-fact or the threat of future injury. In support of this argument, Defendant relies on the ADA public accommodation four-factor standing analysis set forth in the case of *Hoewischer v. Cedar Bend Club, Inc.*, 877 F.Supp.2d 1212, 1223 (M.D. Fla. 2012), a physical access barrier case. Defendant also states in support of its argument that Plaintiff lacks standing because he "never visited the Defendant's store" and that he has pled "his vague plans to perhaps do so in the future", which Defendant characterizes as being "merely speculative". *See* Defendant's Motion

---

[3] Defendant states in its Motion that it is seeking dismissal of the Amended Complaint pursuant to Fed. R. Ci. P. 12(b)(6). However, Defendant advances an argument that the Amended Complaint should be dismissed for Plaintiff's lack of standing. Motions to dismiss based on lack of standing "attack the court's subject matter jurisdiction, and are therefore considered pursuant to Rule 12(b)(1)." *Finstad v. Fla., Dep't of Bus. & Prof'l Regulation*, No. 2:06-cv-664-FtM-29SPC, 2007 WL 3451000, *1 (M.D. Fla. Nov. 14, 2007) (citing *Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003)). Although Defendant nowhere in its Motion cites to Rule 12(b)(1) as being the basis for its standing argument, Plaintiff has viewed the argument as being brought under that Rule's authority and fully addresses it here.

at p. 5.  However, because this case involves an inaccessible website and not physical barriers to a place of public accommodation, and because Plaintiff has adequately pled facts of his realistic intentions to both patronize the physical store and revisit the website in his capacity as a tester "in the near future", Defendant's standing argument must fail.

The four-factor ADA standing test set forth in *Hoewischer,* however, is a reiteration of the four-factor test the Eleventh Circuit adopted in *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013):  "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." 733 F.3d at 1327.  However, the court in *Houston* pointed out that those factors are neither exclusive nor dispositive, and that "courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury." *Id.* at 1337 n.6.  What is important is that, when seeking injunctive relief, a plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Id.* at 1328 (citation omitted).

The *Houston* and *Hoewischer* cases, unlike the instant case, involved claims of physical access barriers at physical places of public accommodation.  The instant case, in contrast, involves an inaccessible company website and alleged intangible barriers to access the goods and services available from and in Defendant's brick-and-mortar store, a place of public accommodation.  As a number of courts in this District have recognized, "the *Houston* factors are difficult to apply in website cases, which usually present intangible barriers that can be felt far away from the property." *Parks v. Richard,* No.: 2:20-cv-227-FtM-38NPM, 2020 WL

2523541, at *3 (M.D. Fla. May 18, 2020) (citing *Kennedy v. Sai Ram Hotels LLC*, No. 8:19-cv-483-T-33JSS, 2019 WL 2085011, at *3 (M.D. Fla. May 13, 2019)).[4]

Accordingly, in the case of allegedly inaccessible websites, as to the first *Houston* factor courts within this District have determined that, because the claim involves an online injury and online inaccessibility, "geography is not as helpful as it would be in a physical barrier case." *Parks,* 2020 WL 2523541, at *3. In addition, as to the second and third *Houston* factors -- the plaintiff's past patronage and the definiteness of his plans to return in the future -- the courts have focused not on the plaintiff's past patronage of or plans to return to the physical store location, but instead his past patronage of and plans to return to the *website*. *Id. See also, Poschmann v. Fountain TN, LLC,* No. 2:19-cv-359-FtM-99NPM, 2019 WL 4540438, at *2 (M.D. Fla. Sept. 19, 2019) ("[T]he relevant 'future injury' inquiry relates to the motel's website and reservation system, rather than the motel's physical property."). As to the fourth and final *Houston* factor – the frequency of the plaintiff's travel near the defendant's business – again the courts have downplayed this factor in inaccessible website cases and focused on the frequency of the plaintiff's visits to the *website* as opposed to the physical location. *Id. See also, Lugo v. Island Harbor Beach Club, LLC,* No. 2:22-cv-66-SPC-NPM, 2022 WL 1773973, at *3 (M.D. Fla. June 1, 2022) (as to fourth *Houston* factor, "frequency of travel is again unproductive because Lugo's travels near the Resort are irrelevant to his visits to the websites, the source of his injury."); *Honeywell v. Harihar Inc.*, No. 2:18-CV-618-FTM-29MRM, 2018 WL 6304839, at *3 (M.D. Fla. Dec. 3, 2018) (holding a plaintiff pleaded a future injury related to a motel's

---

[4] Put another way, "ADA website cases are somewhat tricky because courts nationwide are trying to fit the square peg of an online injury into the round hole of traditional standing analysis." *Parks, 2020 WL 2523541, at *2* (citing *Price v. Escalante-Black Diamond Golf Club LLC*, No. 5:19-cv-22-Oc-30PRL, 2019 WL 1905865, at *4-5 (M.D. Fla. Apr. 29, 2019).

website by alleging she intended to return to the property within six months and intended to visit its website to ensure ADA compliance).

In this context, the Eleventh Circuit and Florida federal district courts, including courts within this District, have determined that, at the pleadings stage, "a plaintiff's allegation that he or she intends to visit the subject premises in the near future is sufficient to establish standing to seek injunctive relief under the ADA." *Ariza v. Walters & Mason Retail, Inc.,* 516 F.Supp.3d at 1356. *See also, Stevens v. Premier Cruises, Inc.,* 215 F.3d 1237, 1239 (11th Cir. 2000) (holding that plaintiff's allegation that he would take another cruise aboard the defendant's ship in the near future was sufficient to properly plead standing to seek injunctive relief under the ADA); *Seco v. NCL (Bahamas), Ltd.,* 588 F. App'x 863, 866 (11th Cir. 2014) (noting that future injury requirement "satisfied" where plaintiff alleged that she would utilize defendant's services "in the near future"); *Poschmann v. Fountain TN, LLC*, 2019 WL 4540438, at *2 (finding that the plaintiff had sufficiently pled future injury for standing purposes in ADA website case where plaintiff pled that he intended to visit website "in the near future"); *Fuller v. Mazal Group LLC,* No. 18-cv-60456-BB, 2018 WL 3584700, at *4 (S.D. Fla. July 24, 2018) (denying motion to dismiss as to standing, finding that a plaintiff's allegation that he or she intends to visit the subject premises "in the near future" is sufficient to establish standing to seek injunctive relief under the ADA").

In the published decision in *Ariza v. Walters & Mason Retail, Inc.,* supra, Judge Bloom of the Southern District, analyzing similar complaint allegations brought by the same plaintiff as here, Victor Ariza, and relying on Eleventh Circuit precedent (cited above), denied the defendant's motion to dismiss for lack of standing, finding that the plaintiff's factual allegations that he intended to visit the defendant's physical premises "in the near future" was sufficient to

plead future injury for standing purposes. 516 F.Supp.3d at 1356.  Similarly, in *Poschmann v. Fountain TN, LLC*, supra, Judge Steele of this District denied a defendant's motion to dismiss for lack of standing finding that the plaintiff had plausibly pled future injury by pleading that he "intends to visit the online reservation system for Defendant's hotel *in the near future* to book a hotel room and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation system …." 2019 WL 4540438, at *2 (emphasis supplied).  *See also, Kennedy v. Gold Sun Hospitality, LLC,* Case No. 8:18-cv-842-VMC-CPT [ECF No.23] (M.D. Fla. July 23, 2018) ("Regarding the threat of future injury, Kennedy's allegations that she intends to revisit the website *in the near future* to test its compliance is sufficient to establish standing at this juncture.") (emphasis supplied).

Here, Plaintiff in his Amended Complaint has plausibly pled facts of both injury-in-fact and the requisite future injury to seek injunctive relief under the ADA.  Plaintiff has pled that, although he is a resident of Miami-Dade County, "he has in the past, and intends in the near future, to travel to and visit Southwest Florida, including Marco Island, Florida." (Amended Complaint at ¶ 4).[5] As in *Walters &Mason,* Plaintiff has also pled that he "is and/or has been a customer who is interested in patronizing, and intends to patronize in the near future when he visits Marco Island and once the Website's access barriers are removed or remedied, Defendant's physical store, and to check store hours and merchandise pricing, purchase merchandise, purchase gift cards, and sign up for an emailer to receive exclusive offers, benefits, invitations,

---

[5] Defendant in its Motion makes the unsupported statement that Plaintiff "never visited the store". *See* Defendant's Motion at p. 5.  Defendant's Motion, however, is only a facial attack on standing not a factual one, and the Court is limited in its review to the facts pled in the Amended Complaint, which must be taken as true. *Finstad*, 2007 WL 3451000, *1 (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003))  Defendant's unsupported "factual" statement, which is outside the four corners of the Amended Complaint, thus should be disregarded.

and discounts for use at the Website or in Defendant's physical store." (*Id.* at ¶ 17).  As in *Walters & Mason, Poschmann,* and *Gold Sun Hospitality,* Plaintiff has further pled that he "desires and intends, in the near future once the Website's access barriers are removed or remedied, to patronize Defendant's physical store and to use the Website, but he is presently unable to do so as he is unable to effectively communicate with Defendant due to his blindness and the Website's access barriers." (*Id.* at ¶ 24). These specific website access barriers are specifically enumerated in the Amended Complaint, and supported with expert documentation, at paragraphs 21, 22, and 55 and Composite Exhibit "A".

Furthermore, as in *Poschmann,* Plaintiff also has plausibly pled that, in his capacity as a "tester", he has in the past visited, and intends "in the near future" to revisit for purposes of monitoring and compliance, the subject website, which is the source of Plaintiff's injury. (*Id.* at ¶¶ 17, 20, 24, and 64).  Moreover, Plaintiff has plausibly pled that the website's access barriers caused him to suffer an injury-in-fact as his inability to communicate with Defendant through the website "left him feeling excluded, frustrated, and humiliated, and gave him a sense of isolation and segregation, as he is unable to participate in the same shopping experience, with the same access to the merchandise, sales, services, discounts, and promotions, as provided at the Website and in the physical store as the non-visually disabled public." (*Id.* at ¶ 23).[6]

Accordingly, Plaintiff in his Amended Complaint has pled sufficient facts of both injury-in-fact and the likelihood of future injury by pleading his intentions, "in the near future once the Website's access barriers are removed or remedied," both to visit Defendant's physical location

---

[6] Significantly, in its recent decision in *Laufer v. Arpan LLC*, 29 F.4th 1268 (11th Cir. 2022), the Eleventh Circuit recognized that an ADA "tester" of websites can have standing to sue by alleging such injury-in-fact, known as "stigmatic injury", even though the plaintiff tester had no intention of visiting the defendant's physical location. 29 F.4th at 1274-75.

10

in Marco Island and to revisit and monitor the website. Defendant's facial standing attack in its Motion to Dismiss must, therefore be denied.

### C. Conclusion.

Based on the foregoing and applicable legal authority, Defendant's arguments for dismissal of the Complaint should be rejected in their entirety as Plaintiff has stated plausible claims for relief under both the ADA and the Rehab Act with respect to Defendant's defective website, which is inaccessible to blind and visually disabled persons such as Plaintiff. The Motion to Dismiss should be denied and this case allowed to proceed on the merits.[7]

Respectfully submitted,

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.**<br>Counsel for Plaintiff<br>4800 N. Hiatus Road<br>Sunrise, FL 33351<br>T. 954/362-3800<br>954/362-3779 (Facsimile)<br>Email:  rhannah@rhannahlaw.com<br><br>By:___*s/ Roderick V. Hannah*___<br>RODERICK V. HANNAH<br>Fla. Bar No. 435384 | **LAW OFFICE OF PELAYO DURAN, P.A.**<br>Co-Counsel for Plaintiff<br>4640 N.W. 7th Street<br>Miami, FL 33126-2309<br>T. 305/266-9780<br>305/269-8311 (Facsimile)<br>Email: duranandassociates@gmail.com<br><br>By:___*s/ Pelayo M. Duran*___<br>PELAYO M. DURAN<br>Fla. Bar No. 0146595 |

---

[7] In the event this Court believes that any additional factual allegations need to be made (although Plaintiff does not believe they are necessary), Plaintiff requests he be granted leave to amend the Amended Complaint

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December, 2022, a true and correct of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below:

Stephen N. McGuire, Esq.
McGUIRE LAW, P.A.
121670 New Brittany Boulevard, Suite 101
Fort Myers, FL  33907
(239) 939-2222
smcguire@cmw.law

*Attorneys for Defendant*
*RTK INVESTMENTS, INC. d/b/a*
*BEACHWORKS*

/s/ *Roderick V. Hannah*
           Roderick V. Hannah